# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BENNETT, | : | CIV NO. 3:18-CV-517 |
| Plaintiff, | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Carlson) |
| PRIMECARE MEDICAL INC., et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

### I. Factual Background

This *pro se* prisoner lawsuit brought by Michael Bennett, a state prisoner, involves allegations of Eighth Amendment violations involving the prison food service and healthcare providers at the Cumberland County Prison. As this case has proceeded in discovery, the medical defendant, PrimeCare, has subpoenaed the plaintiff's state inmate file and medical records. Bennett has lodged an objection to these subpoenas, asserting that the information sought is both private and irrelevant. (Doc. 52.) PrimeCare, in turn, has filed a motion to strike these objections and to enforce the subpoenas. (Doc. 49.)

Finding that this information may have potential relevance to this litigation, and concluding that Bennett has waived any privacy objection by bringing this

1

lawsuit, for the reasons set forth below, the defendant's motion to overrule these objections will be granted.

## II.    <u>Discussion</u>

Several basic guiding principles inform our resolution of this discovery dispute. At the outset, "[r]ule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed.R.Civ.P. 45. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1).' *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08–2681, 2008 WL 4952445, at \*2 (D.N.J. Nov. 18, 2008)." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *R.J. Reynolds Tobacco v. Philip Morris Inc,* 29 F. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding how to enforce compliance with subpoenas, where " '[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court.' *Guinan v. A.I. duPont Hosp. for Children*, No. 08–228, 2008

WL 938874, at *1 (E.D.Pa. Apr.7, 2008) (quoting *Marroquin–Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir.1983))." *Coleman-Hill v. Governor Mifflin School Dist,*. 271 F.R.D. 549, 552 (E.D.Pa. 2010).

This broad discretion, however, is guided by certain general principles. At the outset, when considering a motion to quash or modify a subpoena we are enjoined to keep in mind that the reach of a subpoena is defined by the proper scope of discovery in civil litigation. As one court aptly observed:

> Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure authorizes a court to quash or modify a subpoena that subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(iv), 28 U.S.C. (1994); *see Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter.,* 160 F.R.D. 70, 72 (E.D.Pa.1995)(Joyner, J.)(stating same). Accordingly, a court may quash or modify a subpoena if it finds that the movant has met the heavy burden of establishing that compliance with the subpoena would be "unreasonable and oppressive." *Id*. (*citing Heat & Control, Inc. v. Hester Indus*., 785 F.2d 1017, 1023 (Fed.Cir.1986)). [However, when assessing a motion to quash we must also consider the fact that] Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

*Wright v. Montgomery County*, No. 96-4597, 1998 WL 848107, *2 (E.D.Pa. Dec. 4, 1998). Thus, in ruling upon objections to a subpoena, "this court is required to apply the balancing standards-relevance, need, confidentiality and harm. And even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm

caused by production outweighs the benefit." *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).

In the instant case we find that the subpoenaed prison records and medical files may contain relevant information relating to Bennett's medical condition, care and treatment. These are issues which lie at the heart of the case which Bennett has brought against the defendants. Therefore, we believe that the threshold showing of relevance is satisfied here. As for Bennett's objections that disclosure of this medical information violates his personal privacy, while we recognize the privacy interest at stake here we also agree that when an inmate brings a claim relating to his medical care, treatment and condition, he largely waives his right to object to the release of prison medical records on privacy grounds. *See Caldwell v. Beard*, 324 F. App'x 186, 188 (3d Cir. 2009). Accordingly, we will overrule Bennett's objections to these subpoenas.

An appropriate order follows:

## III. Order

For the reasons set forth in the accompanying Memorandum, IT IS ORDERED that Defendant PrimeCare's Motion to Overrule Objections to Subpoenas, (Doc. 49) is GRANTED, the plaintiff's objections are overruled, and the non-party records custodian is instructed to comply with the outstanding subpoenas.

So ordered this 9th day of July 2019.

*S/ Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge